## HUTCHINSON v LAKEWOOD (city)

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11,401. Decided May 25, 1931

Holding, Duncan & Leckie, Cleveland, for Hutchinson.

R. G. Curren, Cleveland, for the City of Lakewood.

VICKERY, J.

The sole question before this court, and it was so admitted in argument before the court, is this: Is the construction of a sewer governmental work and within the governmental functions rather than the proprietary business of a municipality, and it was agreed that the answer to this question would properly decide this case, the only question being as to the difference of interpretation placed upon the authorities.

We think under the authorities of Ohio as they now exist and perhaps always did exist, that the construction and installation of sewers in municipalities is a governmental function and not proprietary only.

In 113 Oh St 250, Portsmouth v Mitchell, page 255, the court said:

"The weight of authority holds that the construction and institution of a sewer system is a governmental function * * *."

In Salem v Harding, 121 Oh St 412, the Supreme Court of Ohio reiterated, as well as in the opinion, this same doctrine in the second proposition of the syllabi as follows:

"The construction of sewers by a city is the exercise of a governmental function * *."

In the body of the opinion, Marshall, Chief Justice, said:

"Still adhering to the proposition that the construction and institution of a sewer system is a governmental function * * |*."

From this authority we do not need to wander to Minnesota or other states as to how the Supreme Court of Ohio stands upon this proposition and its decisions are in accordance with logic and the right of the public in such matters.

It must be remembered that a city or municipality, exercises governmental functions and those governmental functions are gradually becoming more and more numerous as the people of a city demand more from the government; and the yielding to the demand has broadened the scope of governmental functions of cities and in that particular has lessened the number of proprietary things the city might be responsible for.

The Supreme Court, in what is known as the Fowler cases, decided both ways upon this question but the last decision was in accordance with the doctrine above stated.

It must be remembered that a city is liable for the nuisances, defects, or obstructions in the streets and public places of the city only because there is a statute which fixes and determines its liability and it is made liable by statute; and that is irrespective of any negligence upon its part if it had knowledge of the defects or other obstructions or when of such a character that it should have had knowledge; and, of course, if the city itself constructed a street, which is defective and injury results therefrom, it is responsible for such injuries; the mere fact that it constructed the street would be sufficient to hold the city responsible for it would need no notice; but where the street is improved and paved under a separate contract, the contractor is responsible for any defects unless they ex-

isted there so long that the city had knowledge or ought to have had knowledge of the defects. This proposition was laid down by this court in the case of Jane D. Hunter v City of Lakewood, No. 10299 decided February 3rd, 1930, where the city was released from liability because of a depression in a street that a contractor had left there under such circumstances that the city had no notice of the defect.

The governmental functions of a city and its proprietary functions are both well defined by our Supreme Court decisions; and while a city is liable for its proprietary functions, it is not liable for its governmental functions; and inasmuch as in the above cases cited which are the last pronouncement of the Supreme Court on this question, the court has held the construction of a sewer to be governmental, we cannot see how the court below could have done other than it did in sustaining the demurrer. Aside from that proposition, if the city were responsible in this case; that is, if it were not governmental, there was an independent contract which probably would release the city from liability; but it is not necessary to decide that because the work was clearly governmental and for that reason the Common Pleas Court committed no error in sustaining this demurrer. The judgment of the Common Pleas Court will therefore be affirmed.

WEYGANDT, J, concurs.

LEVINE, PJ, dissents.